ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 28 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| APRIL PERNA f/k/a APRIL Malloy ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | **1:09-CV-2658** |
| PAUL SCHUCK and HENRY ) | |
| SCHUCK, ) | **-JEC** |
| ) | |
| Defendants. ) | |

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff April Perna f/k/a April Malloy and files her Complaint against Defendants Henry Schuck and Paul Schuck, alleging as follows:

### PARTIES

1.

Plaintiff April Perna is a citizen of the state of Georgia.

2.

Defendant Paul Schuck is a citizen of the state of New York.

3.

Defendant Henry Schuck is a citizen of the state of New York.

1

4.

Defendants Henry Schuck and Paul Schuck may be served with process at an address to be determined.

## JURISDICTION AND VENUE

5.

Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs one through four of her Complaint as if each paragraph were fully set forth verbatim herein.

6.

Subject matter jurisdiction in this Court is proper. This Court has diversity jurisdiction, pursuant to 29 U.S.C. § 1132(a)(1), on the basis that complete diversity of citizenship exists between the parties, and on the basis that the amount in controversy exceeds $75,000.00.

7.

Venue in this Court is proper, pursuant to 28 U.S.C. § 1391(a) because the property that is the subject of this action is situated in this district, and because a substantial part of the events giving rise to the claims occurred in this district.

## FACTS

8.

Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs one through seven of her Complaint as if each paragraph were fully set forth verbatim herein.

9.

Though never legally married to Henry Schuck, Henry Schuck is the biological father of two of plaintiff's children, Rose and Carl.

10.

Paul Schuck is Henry Schuck's uncle, and the great uncle of plaintiff's two children, Rose and Carl.

11.

In April of 2009, Paul Schuck offered to purchase a residence located at 458 Harper Road in McDonough, Henry County, Georgia, for April Perna and her children to reside in exchange for Ms. Perna making the down payment on the house, the mortgage payments, taxes and insurance, and allowing Paul Schuck to visit his niece and nephew and stay at the residence without charge.

12.

Paul Schuck promised that April Perna would be entitled to receive the equity from the house located at 458 Harper Road at the time the house was sold, which at that time amounted to approximately $140,000.00.

13.

Paul Schuck promised April Perna that the property located at 458 Harper Road would be titled in her name as soon as the house could be refinanced in her name.

14.

Paul Schuck promised April Perna that she and her children would be allowed to reside at the house so long as she made the mortgage payments.

15.

Plaintiff accepted Paul Schuck's offer.

16.

Based upon Paul Schuck's promises to purchase and provide a residence for her and her children, so long as she performed, plaintiff expended her time and resources in looking for a house that had a significant amount of equity.

17.

Plaintiff negotiated the terms of the closing with the sellers of the house, located at 458 Harper Road, McDonough, Georgia.

18.

Plaintiff paid the closing costs and the down payment for purchase of the house at 458 Harper Road, McDonough, Georgia.

19.

Plaintiff paid for Paul Schuck to fly down from New York to Georgia for the closing of the house located at 458 Harper Road.

20.

The closing occurred on or about May 29, 2009.

21.

Ms. Perna and her three children moved into the house located at 458 Harper Road on or about June 27, 2009.

22.

Due to Henry Schuck not paying any child support to Ms. Perna, Paul Schuck agreed to offset April Perna's mortgage obligations by $1,100.00 per month, and to collect that amount directly from Henry Schuck.

23.

Ms. Perna has performed in good faith under her agreement with Paul Schuck, to include making mortgage payments.

24.

Paul Schuck now claims that Ms. Perna is a tenant at sufferance, and seeks to evict Ms. Perna from the premises located at 458 Harper Road, McDonough, Georgia.

## COUNT I – PETITION FOR RELIEF UNDER THE DECLARATORY JUDGMENT ACT

25.

Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs one through twenty-four of the plaintiff's Complaint as if each paragraph were fully set forth verbatim herein.

26.

Defendant Paul Schuck's attempt to evict Ms. Perna from the premises constitutes a material breach of the subject contract between the parties.

27.

There is an actual, justiciable controversy between the parties as to their future contractual obligations under the subject contract.

28.

As a result of the foregoing facts and circumstances, an actual, justiciable controversy exists between plaintiff and defendant Paul Schuck.

29.

The rights, status, and other legal relations of these parties are uncertain and insecure, and the entry of a declaratory judgment by this Court will terminate uncertainty and controversy and will guide and protect the parties from uncertainty and insecurity with respect to the proprietary of future acts and/or conduct.

30.

Wherefore, plaintiff prays for declaratory judgment declaring and adjudging the following:

1) That she may continue to reside at the property, located at 458 Harper Road, in McDonough, Georgia, as long as she continues to make the subject mortgage payments;

2) That she is entitled to any equity from the sale of the property located at 458 Harper Road, in McDonough, Georgia, which at the time of the May 29, 2009 closing amounted to $140,000.00;

3) That she is entitled to have title to the property place in her name, as soon as she is able to have the property located at 458 Harper Road, in McDonough, Georgia, refinanced in her name.

## **COUNT II – CONVERSION**

31.

Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs one through thirty of the plaintiff's Complaint as if each paragraph were fully set forth verbatim herein.

32.

In February of 2008, Henry Schuck, the biological father of two of Ms. Perna's children, was working for Ms. Perna's construction company, known as A&H Construction, Inc.

33.

Without authorization, Henry Schuck took thousands of dollars from A&H Construction.

34.

Despite Ms. Perna's requests that the money be returned, Mr. Schuck has not returned the money and has instead converted the monies to his own use.

35.

As a result of Henry Schuck converting these monies, Ms. Perna has sustained damages, in an amount to be proven at trial.

36.

As a result of Henry Schuck's intentional acts of conversion, Ms. Perna requests that punitive damages, in the amount of $75,000.00, be awarded against Henry Schuck.

## COUNT III – ASSAULT AND BATTERY

37.

Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs one through thirty-six of the plaintiff's Complaint as if each paragraph were fully set forth verbatim herein.

38.

In February of 2008, Ms. Perna demanded that Mr. Schuck returned the monies he took without authorization.

39.

Henry Schuck refused to return the monies.

40.

Later that night, Henry Schuck attacked Ms. Perna while she slept, grabbed Ms. Perna by her throat, and held her off the ground.

41.

Mr. Schuck continued to viciously assault Ms. Perna, which ended with

Mr. Schuck throwing Ms. Perna threw a glass door.

42.

At that time, Ms. Perna was five months pregnant with their youngest child.

43.

Since then, Mr. Schuck has continued to threaten Ms. Perna.

44.

Mr. Schuck has threatened to come to Georgia, and burn down the house at 458 Harper Road in McDonough, Georgia.

45.

Mr. Schuck has also made other threats of family violence since Ms. Perna moved into the house at 458 Harper Road, specifically, that he would snap Ms. Perna's neck, beat the ____ out of her, and take care of business.[1]

46.

As a result of Mr. Schuck's acts of assault and battery, Ms. Perna and her child have sustained damages, in an amount to be proven at trial.

47.

Due to Mr. Schuck's intentional tortious acts, Ms. Perna requests that punitive damages in the amount of at least $250,000.00 be awarded against Mr. Schuck.

---

[1] Plaintiff has obtained a Temporary Protective Order against Henry Schuck, which is pending in the Superior Court of Henry County, Case No. 09-cv-3526M.

## COUNT IV – ATTORNEYS' FEES AND EXPENSES

48.

Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs one through forty-seven of his Complaint, as if each paragraph were fully set forth fully herein.

49.

Defendant Paul Schuck has acted in bad faith, have been stubbornly litigious, has caused plaintiff unnecessary trouble and expense, and has forced her to resort to judicial process to secure the monies owed. As such, plaintiff seeks her litigation expenses, including his reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE Plaintiff prays as follows:

a) That Defendants be served with Summons, Process and a copy of this Complaint as provided by law;

b) Trial by Jury on all issues so triable;

c) That plaintiff be awarded declaratory relief declaring and adjudging her rights under her agreement with Paul Schuck;

d) That plaintiff be awarded damages against Henry Schuck for his intentional acts of conversion, assault, and battery, to include an award of punitive damages;

e) That Plaintiff be awarded attorneys' fees and litigation expenses against Paul Schuck as allowed by O.C.G.A. § 13-6-11;

i) That Plaintiff be awarded other damages to be proven at trial; and

j) That Plaintiff be awarded court costs and all other relief as this Court may deem just and proper.

This 28th day of September, 2009.

KURUVILLA LAW FIRM, P.C.

_____
John V. Kuruvilla
Georgia Bar No.: 903278
Andrew H. Schultz
Georgia State Bar No. 630255
Counsel for Plaintiff April Perna f/k/a April Malloy

Tower Place 100
3340 Peachtree Road, Suite 1800
Atlanta, Georgia 30326
Telephone: (404) 814-0545
Facsimile: (404) 814-5965
E-mail: jvk@kuruvillalaw.com

12

**RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer processed, double spaced, and prepared in Times New Roman 14 point font.

John V. Kuruvilla
Georgia Bar No.: 903278